**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FORTY 1° NORTH, LLC<br>Plaintiff,<br><br>v.<br><br>ARCHITECTURAL SYSTEMS, INC.<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>C.A. No. 08-347/S<br><br>JURY DEMAND |

**ANSWER**

Defendant Architectural Systems, Inc. ("ASI") responds to the allegations of plaintiff's complaint as follows:

**FIRST DEFENSE**

1) Lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs: 1, 4, 5, 6, 9, 15, 16, 19, 20, 26 and 35.

2) Admits the allegations of paragraphs 2, 7, 22 and 32.

3) Responding to the allegations of paragraph 3, alleges that the amount in controversy is sufficient to invoke the subject matter jurisdiction of this Court, but denies that ASI has sufficient contacts with Rhode Island to subject it to personal jurisdiction.

4) Denies the allegations of paragraphs: 8, 10-12, 17, 24, 25, 33, 34, 37-40, 43, 44, 45, 46, 48, 49, and 50-52.

5) Responding to the allegations of paragraph 13, alleges that ASI is an expert and leading provider of architectural materials; lacks knowledge or information sufficient to form a belief about the truth of the allegation that ASI "was recommended to Plaintiff by at least one third party;" and denies the remaining allegations of that paragraph.

6) Responding to the allegations of paragraph 14, alleges that after plaintiff purchased the countertop from a third party, ASI did communicate with DAS Architects, Inc. about the plan specifications, elevations and section sizes needed to manufacture the countertop; denies that defendant manufactured the countertop.

7) Responding to the allegations of paragraph 18, admits that plaintiff reported to ASI that the countertop had the problems outlined in subparts (1) through (5) of that paragraph; lacks knowledge or information concerning the remaining allegations of that paragraph.

8) Responding to the allegations of paragraph 21, alleges that Fusionstone countertops generally are chemically strengthened and resistant to chipping and that after being notified of the alleged problem with the countertop, Mr. Falco informed plaintiff that installation could be a cause of the alleged problems; except as so alleged denies the remaining allegations of this paragraph.

9) Responding to the allegations of paragraph 23, alleges that ASI had no involvement in any phase of the installation process, that ASI had no knowledge that plaintiff would use the countertop at an outdoor bar and that after being notified of the alleged problem with the countertop, ASI suggested solutions to help plaintiff alleviate the alleged "problems;" except as so alleged, denies the remaining allegations of this paragraph.

10) Responding to the allegations of paragraph 27, alleges that ASI is not responsible for the alleged “problems,” that ASI engaged in dialogue with plaintiff and that ASI suggested solutions to help plaintiff alleviate the alleged “problems;” except as so alleged, denies the remaining allegations of this paragraph.

11) Responding to the allegations of paragraph 28, alleges that plaintiff demanded that ASI provide and install an alternative countertop at no charge; except as so alleged, denies the remaining allegations of this paragraph.

12) Responding to the allegations of paragraph 29, alleges that, despite the absence of liability, ASI sent plaintiff samples for a replacement countertop; except as so alleged, lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph.

13) Responding to the allegations of paragraph 30, alleges that ASI refused to replace the countertop as demanded by plaintiff; except as so alleged, denies the remaining allegations of this paragraph.

14) In response to paragraph 31, incorporates its responses to paragraphs 1-30; in response to paragraph 36, incorporates its responses to paragraphs 1-35; in response to paragraph 42, incorporates its responses to paragraphs 1-41; and in response to paragraph 47, incorporates its responses to paragraphs 1-46.

15) Paragraphs 41, 53-57 set forth plaintiff's prayers for relief and require no response from ASI. To the extent the Court may otherwise construe those paragraphs, they are denied.

**SECOND DEFENSE**

The Court lacks personal jurisdiction over ASI.

**THIRD DEFENSE**

Plaintiff has filed the complaint in an improper venue.

**FOURTH DEFENSE**

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## FIFTH DEFENSE

Plaintiff's claims are barred by the statute of frauds.

## SIXTH DEFENSE

Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel and/or unclean hands.

## SEVENTH DEFENSE

Plaintiff's tort claims are barred by the economic loss doctrine.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the absence of contractual privity.

## NINTH DEFENSE

Plaintiff's alleged damages were caused by persons or entities over whom ASI has no control.

## TENTH DEFENSE

Plaintiff has failed to mitigate its damages.

## ELEVENTH DEFENSE

Any award to plaintiff must be reduced to account for plaintiff's comparative negligence.

## TWELFTH DEFENSE

Plaintiff's complaint is barred by the limitation provision set forth in the contract between ASI and South County Post and Beam.

## THIRTEENTH DEFENSE

All warranties have been disclaimed.

**FOURTEENTH DEFENSE**

Plaintiff's recovery, if any, is limited by the terms and conditions of the contract between ASI and South County Post and Beam.

WHEREFORE, ASI demands judgment in its favor, plus an award of attorneys' fees and costs.

ASI respectfully demands trial by jury on all issues so triable.

Respectfully submitted,

/s/ Michael J. Daly

Brooks R. Magratten, Esq., #3583
Michael J. Daly, Esq., #6729
VETTER & WHITE
Attorneys for Architectural Systems, Inc.
20 Washington Place
Providence, RI 02903
(401) 421-3060
(401) 272-6803 [FAX]
bmagratten@vetterandwhite.com
mdaly@vetterandwhite.com

Dated: September 18, 2008

**CERTIFICATE OF SERVICE**

TO:

Stephen J. MacGillivray, Esq. # 5416
Joseph A. Farside, Esq. #7559
EDWARDS ANGELL PALMER
AND DODGE, LLP
Attorneys for Forty 1° North, LLC
2800 Financial Plaza.
Providence, RI 02903

I hereby certify that a copy of the within answer was served by mail on the above identified attorneys of record on the 18th day of September, 2008. I further certify that I electronically filed the within Answer on September 18, 2008. The answer is available for viewing and downloading from the Court's Electronic Case Filing system.

/s/ Michael J. Daly